# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**WADE LEON WILLIS,**<br><br>　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER DENYING MOTION TO<br>REDUCE SENTENCE**<br><br>Case No. 2:11-cr-185<br><br>Judge Clark Waddoups |

　　　　Before the court is Defendant Wade Willis's Motion to Reduce Sentence (ECF No. 101). In his motion, Mr. Willis requests that this court release him into a drug treatment center for his remaining time in federal custody.[1] His mother and sister have also written to the court, expressing their support for his early release. (ECF No. 102). Subsequently, Mr. Willis sent another letter to the court, further explaining his circumstances and requesting that the court at least recommend that he receive more than one-month in a halfway house so that he has sufficient time to find housing and employment. (ECF No. 105).

　　　　Mr. Willis has previously—and unsuccessfully—sought a reduction in his federal sentence for violating a term of his supervised release. Mr. Willis maintains that the court would not have imposed the 16-month sentence had it known that he would first serve 60 months in state custody before serving his federal sentence. (*See* ECF Nos. 98, 99, 101). On October 21,

---

[1] When Mr. Willis filed his motion on March 20, 2023, he noted that he would serve 16 months in federal custody after his release from state custody on May 2, 2023. Sixteen months from May 2, 2023, would be in September 2024. According to the Bureau of Prison's website, however, Mr. Willis's projected release date from federal custody is March 1, 2024. In a follow-up letter sent to the court, Mr. Willis states that his release date is February 18, 2024. The court cannot opine on Mr. Willis's actual release date, but it appears to be sometime between February 18, 2024, and March 1, 2024.


2020, this court issued an Order denying Mr. Willis's previous Motion to Correct or Modify Sentence and explaining that the court had not made an error and that it "directly and intentionally ruled that Mr. Willis's sentence [was to] run consecutively to his state sentence." (ECF No. 99).

Because the court did not make an error in his sentence, the court does not have jurisdiction to reduce Mr. Willis's sentence. See *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). The Tenth Circuit has noted the need to be "mindful of Congress's directive that sentence modifications are to be the exception, not the rule." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014). It therefore "is well-settled that a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* (quotations, citation, and alteration omitted). "Absent the operation of one of a few narrowly defined statutory exceptions" federal courts generally lack jurisdiction to modify a term of imprisonment. *Id.* In this case, no exception applies, and this court therefore lacks jurisdiction to reduce Mr. Willis's sentence.

Mr. Willis has also requested that the court recommend that he be permitted to spend more than one month at a halfway house. (ECF No. 105). The court lacks authority to determine how much time is spent at a halfway house, as that determination is made by the Bureau of Prisons ("BOP") after considering a variety of factors, but the BOP will consider the court's recommendation. Accordingly, the court strongly recommends that Mr. Willis be permitted spend more than one month at a halfway house so that he has sufficient time to secure housing and employment, thereby maximizing his chance of successfully transitioning to life outside of prison.

Accordingly, IT IS HEREBY ORDERED that Mr. Willis's Motion to Reduce Sentence (ECF No. 101) is DENIED because the court lacks jurisdiction. The court, however,

RECOMMENDS that Mr. Willis be permitted to spend more than one month in a halfway house to maximize his chance for a successful reentry back into society.

DATED this 7th day of November 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Court